UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AGROGLOBAL, S.A. | * | CIVIL ACTION |
| VERSUS | * | NO. 16-4568 |
| SCHIFFAHRTSGESELLSCHAFT Ms N SCHELDE mbH AND Co. KG, and | * | SECTION |
| N SCHELDE SHIPPING COMPANY LIMITED *in personam,* and the M/V N | * | JUDGE |
| SCHELDE (IMO No. 9596038), her engines, boilers, tackle, furniture, apparel, | * | |
| appurtenances, etc., *in rem* | * | MAG. |

\*   \*   \*   \*   \*   \*   \*   \*

## **VERIFIED COMPLAINT**

The Verified Complaint of plaintiff, Agroglobal, S.A. ("Agroglobal") against defendants, Schiffahrtsgesellschaft Ms N Schelde mbH and Co. KG, and N Schelde Shipping Company Limited, *in personam,* and the M/V N SCHELDE (IMO No. 9596038), her engines, boilers, tackle, furniture, apparel, appurtenances, etc., *in rem*, in a cause of action within the admiralty and maritime jurisdiction of this Honorable Court, and stating an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, represents upon information and belief:

**The Parties**

1.

Plaintiff, Agroglobal, S.A., is a foreign corporation or other business entity organized under the laws of a country other than the United States.

1

2.

*In personam* defendant, Schiffahrtsgesellschaft Ms N Schelde mbH and Co. KG is a foreign corporation or other business entity duly organized under foreign law, with a principal place of business in Hamburg, Germany, and was at all times relevant hereto the registered owner of the *in rem* defendant vessel, the M/V N SCHELDE, a 2013-build Malta-flagged bulk carrier, bearing IMO No. 9596038.

3.

*In personam* defendant, N Schelde Shipping Company, Limited is a foreign corporation or other business entity duly organized under foreign law, with a principal place of business in Cyprus, and was at all times relevant herein, upon information and belief, the bareboat or demise charterer of the *in rem* defendant vessel.

**Jurisdiction and Venue**

4.

This Court has jurisdiction over the subject matter of this action pursuant to Rule 9(h) of the Federal Rules of Civil Procedure because it arises from the breach of a maritime contract. This action also comes within the Court's admiralty and maritime jurisdiction pursuant to U. S. Constitution Article III, Section 2, and 28 U.S.C. §1333. It is further brought pursuant to Rules B and C of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, because Agroglobal seeks the attachment and arrest of the *in rem* defendant as security for its claims.

5.

Venue is proper in this Honorable Court because the *in rem* defendant vessel is presently situated within the waters of this District.

**Background**

6.

By various bills of lading issued at San Lorenzo, Argentina on 26 and 27 November 2015 (together the "Bills of Lading"), the Defendants acknowledged receiving on board their vessel "N SCHELDE" (the "Vessel") cargoes of "Argentine yellow corn grade no. 2 or better" and "Argentine soybean meal in bulk" (collectively "the Cargoes") as follows:

(a) 1,000.000 MT Argentine Yellow Corn (27 November 2015, destination Casablanca) ("Bill of Lading 01");

(b) 400.000MT Argentine Yellow Corn (27 November 2015, destination Casablanca) ("Bill of Lading 02")

(c) 500.000MT Argentine Yellow Corn (27 November 2015, destination Casablanca) ("Bill of Lading 03")

(d) 5,000.000 Argentine Yellow Corn (26 November 2015, destination Casablanca) ("Bill of Lading 04")

(e) 5,500MT Argentine Yellow Corn (26 November 2015, destination Casablanca) ("Bill of Lading 05")

(f) 2,250.000MT Argentine Yellow Corn (27 November 2015, destination Agadir) ("Bill of Lading 2");

(g)  1,000.000MT Argentine Soybean Meal (26 November 2015, destination Agadir) ("Bill of Lading 7");

(h)  1,960.000MT Argentine Soybean Meal (26 November 2015, destination Agadir) ("Bill of Lading 8");

(i)  2,450.000MT Argentine Soybean Meal (26 November 2015, destination Agadir) ("Bill of Lading 9"); and

(j)  450.000MT Argentine Soybean Meal (26 November 2015, destination Agadir) ("Bill of Lading 10").

True copies of the Bills of Lading are attached as Exhibit "A".

7.

By contracts of carriage contained and/or evidenced by the Bills of Lading, the Defendants undertook to carry the Cargoes from San Lorenzo, Argentina to Agadir and Casablanca, Morocco.

8.

The plaintiffs purchased the Cargoes directly from Nidera S.A. and indirectly from Commodities S.A. through Nidera S.A. who were the shippers under the respective Bills of Lading.  As such, plaintiff became a holder in due course of the Bills of Lading.

9.

The Bills of Lading were on the Congenbill 2007 form and incorporated the Hague or alternatively Hague-Visby Rules. The contracts of carriage as evidenced by the Bills of Lading, also incorporated a charterparty, including its "Law and Arbitration Clause/Dispute Resolution Clause." In the case of Bills of Lading 2, 7, 8, 9 and 10 the

charterparty was dated 20 November 2015 and in the case of Bills of Lading 01, 02, 03, 04 and 05 the charterparty was dated 21 November 2015.

10.

The Defendants discharged, amongst other cargo, the Cargoes in Agadir and Casablanca at the end of December 2015 and/or early January 2016.  However, the original Bills of Lading were not presented prior to release of the cargo, and plaintiff did not authorize the release of the cargo absent presentation of the original Bill of Lading.

11.

As lawful holders in due course of the original Bills of Lading, the Claimants were entitled to immediate possession of the Cargoes.  However, the cargo was surrendered or discharged without their consent.

**First Cause of Action:  Breach of Contract of Carriage**

12.

Pursuant to the contracts of carriage, as evidenced by the Bills of Lading, and/or as carrier and/or as bailee of the goods for reward, the Defendants undertook to deliver the Cargoes at Casablanca (Bills of Lading 01, 02, 03, 04 and 05) and Agadir (2, 7, 8, 9 and 10) upon presentation of the original Bills of Lading.  However, wrongfully and in breach of their obligation under the contracts of carriage, the Defendants discharged the Cargoes without presentation of the original Bills of Lading.

13.

In so doing, the defendant breached the contract of carriage and caused Plaintiff to sustain losses, as set forth below.

## Second Cause of Action – Breach of Contract of Bailment

14.

Further or alternatively, the Defendants were in breach of their obligations as a bailee for reward, the terms of the bailment being those of the Bills of Lading, of which the Defendants are in breach.

## Third Cause of Action – Conversion

15.

Further or alternatively, the Defendants are liable in conversion for having conducted themselves in a manner that: (i) was inconsistent with the rights of the plaintiff (as lawful holder of the Bills of Lading in due course and immediately entitled to possession of the Cargoes); (ii) was deliberate; and (iii) has excluded the plaintiff from its use and possession of the Cargoes.

## Damages

16.

As a result of the Defendants' breaches set out above, the Defendants are liable for the plaintiff's losses arising from the misdelivery and/or conversion of the Cargoes. The plaintiff claims a total sum of US $4,395,644.61 in respect of the Bills of Lading lawfully held by them.

## Arbitration

17.

Agroglobal alleges paragraphs 1 through 16 as if set out hereinabove as though the same are more fully set forth herein *in extenso*.

18.

The Bills of Lading specifically incorporated the charter parties dated 21 November 2015 and 20 November 2015 respectively, including their "law and arbitration clause/dispute resolution clause".  See Exhibit "A."

19.

In accordance with 9 U.S.C. §8, Agroglobal is entitled to obtain security for its claims described herein by way of a maritime arrest and maritime attachment as more fully set forth below.  Plaintiff specifically reserves the right to arbitrate the merits of the dispute.

**Supplemental Rule B and C Relief**

20.

The Bills of Lading are maritime contracts of carriage, the breach of which by defendants attaches a maritime lien on the Vessel that is enforceable by a suit *in rem*. Accordingly, Agroglobal seeks to enforce its maritime lien pursuant to a warrant of arrest be issued against the vessel, all in accordance with Rule C of the Supplemental Rules for Certain Admiralty or Maritime Claims and Assert Forfeiture Actions and Local Admiralty Rule 4.1(B) by way of an arrest of the vessel.

21.

 Plaintiff also seeks jurisdiction over the *in personam* defendants, who cannot be found within this District and are believed to have assets in this jurisdiction, namely the vessel, by attachment of their goods and chattels within this District and within the State

of Louisiana pursuant to a writ of foreign attachment to be issued against the vessel, requiring defendants to appear and answer the allegations detailed above, and to provide security for Agroglobal's claims, all in accordance with Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and Local Rule 4.1(A).

WHEREFORE, premises considered, Agroglobal S.A. prays that after due proceedings are had:

1) Their Verified Complaint be deemed good and sufficient;

2) Process in due form of law be issued pursuant to Rules B and C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, directly the *in personam* defendants, Schiffahrtsgesellschaft Ms N Schelde mbH and Co. KG and N Schelde Shipping Company Ltd. to appear and answer, all and singular, the allegations contained herein and directing that the M/V N SCHEDLE, presently lying afloat on the navigable waters of the United States of America within this District and in the jurisdictional limits of this Court, be attached and arrested in the proceeding to the amount of plaintiff's claims stated herein, plus interest, costs, and attorneys' fees;

3) All parties claiming an interest, title or right in the said vessel appear and answer, all and singular, the allegations of this Verified Complaint;

4) After due proceedings are had, plaintiff have judgment against defendants, the M/V N SCHELDE, her engines, boilers, tackle, furniture, apparel, appurtenances, etc., *in rem*, and Schiffahrtsgesellschaft Ms N Schelde mbH and Co. KG and N Schelde

Shipping Company Ltd., *in personam*, in the full amount of plaintiff's damages which are presently estimated to be no less than $4,395,644.61, and further, interest thereon at the legal rate, and for any other and further amount that later calculations may demonstrate as being appropriate;

5) This Honorable Court enter a decree in favor of the plaintiff and against defendants for the total amount of plaintiff's damages and that the M/V N SCHELDE be condemned and sold for the aforesaid amount, together with reasonable costs, interest and attorneys' fees, including the costs and attorneys' fees incurred herein;

6) Plaintiff have such other and further relief as the law and justice of the case may require; and

7) Plaintiff agrees to release and hold harmless, and indemnify the United States Marshal Service, their agents, servants, employees and all others for whom they are responsible, for any and all liability or responsibility for claims arising from the arrest or attachment of the vessel.

Respectfully submitted,

MURPHY, ROGERS, SLOSS,
  GAMBEL & TOMPKINS

 /s/  John H. Musser, V
John H. Musser, V #22545
jmusser@mrsnola.com
Timothy D. DePaula #31699
tpaula@mrsnola.com
Tarryn E. Walsh #36072
twalsh@mrsnola.com
701 Poydras Street
Suite 400, One Shell Square
New Orleans, LA   70139
Telephone:  (504) 523-0400
Fax:  (504) 523-5574
*Attorneys for plaintiff Agroglobal S.A.*

OF COUNSEL:
J. James Cooper (Texas ID #04780010)
jcooper@reedsmith.com
REED SMITH LLP
811 Main Street
Suite 1700
Houston, Texas   77002
Telephone:  (713) 469-3879
Facsimile:  (713) 469-3899
**(To be admitted *Pro Hac Vice*)**


INSTRUCTIONS FOR U.S. MARSHAL

PLEASE SERVE THE WARRANT OF
ARREST/WRIT OF FOREIGN ATTACHMENT
OF ARREST / ATTACH THE M/V N SCHELDE
LYING AFLOAT IN THE MISSISSIPPI RIVER
AT OR ABOUT THE ADM/GROWMARK-DESTREHAN
ELEVATOR ABOUT MILE 121.0 AHP